IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALICIA ALI BROOKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BANK OF AMERICA N.A. and )<br>BAC HOME LOANS SERVICING LP, )<br>)<br>Defendants. ) | Civ. Action No. 12-004-GMS |

## **MEMORANDUM ORDER**

### I. INTRODUCTION

The plaintiff, Alicia Ali Brooks ("Brooks"), who proceeds *pro se,* and was granted leave to proceed *in forma pauperis,* filed this lawsuit pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1640, the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 41, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. (D.I. 2). She also raises supplemental state claims. On January 13, 2012, Brooks filed a motion for preliminary injunction and temporary restraining order to enjoin the defendants and the State court from adjudicating, defending, prosecuting, ordering, executing, or otherwise oppressing her in an *in rem, scire facies* on a mortgage action filed by the defendants in the Superior Court of the State of Delaware in and for New Castle County ("Superior Court"), C.A. No. 09L-12-117-PLA. The State action seeks judgment against property owned by Brooks and a judicial sale for non-payment of a mortgage entered into by Brooks. (*See* D.I. 5, D.I. 20 at 1.) She also moves for a status conference. (D.I. 11.)

Subsequent to filing the motion for injunctive relief, on February 3, 2012, the Superior Court ruled in favor of the defendants (the plaintiffs in the State court case) and against Brooks, finding no dispute that Brooks failed to make her monthly mortgage payments and that Brooks had not presented any valid legal defense to the foreclosure action.[1] (D.I. 20, ex. A.) Brooks appealed the decision to the Supreme Court of the State of Delaware, *Brooks v. BAC Home Loan*, No. 60, 2012, and the matter was submitted for decision as of June 22, 2012, where it remains pending. (*Id.* at ex. C.)

The defendants oppose the motion for injunctive relief on the grounds that the relief sought by Brooks is barred by the *Rooker-Feldman* Doctrine, the Anti-Injunction Act weighs against granting the motion, and the motion should be denied as moot.[2] (D.I. 20.)

## II. LEGAL STANDARD

When considering a motion for a temporary restraining order or preliminary injunction, the court considers "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir. 2002)). "The relevant inquiry is whether the movant is in danger of suffering irreparable harm at the time the preliminary injunction is to be issued." *SI Handling Sys., Inc. v. Heisley*, 753 F.2d 1244, 1264

---

[1] The Superior Court noted that Brooks' affirmative defenses of fraud and unconscionability and the counterclaim of breach of contract failed because she did not sufficiently plead any of the claims. (D.I. 10 at Ex. A ¶ 9.)

[2] The defendants have yet to be served. Nonetheless, the court ordered them to respond to the instant motion.

2

(3d Cir. 1985). "Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Id.* (citations omitted). It is the plaintiff's burden, in seeking injunctive relief, to show a likelihood of success on the merits. *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 90 (3d Cir. 1992).

### III. DISCUSSION

The court will deny Brooks' motion. Federal courts may adjudicate "only actual, ongoing cases or controversies." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)). This "case or controversy" requirement requires that a party have a personal stake in the outcome through all stages, trial and appellate, of the proceedings. *See id.* The Supreme Court has stated that "a present, live controversy . . . must exist if we are to avoid advisory opinions on abstract propositions of law." *Hall v. Beals*, 396 U.S. 45, 48 (1969).

A personal stake and a present, live controversy is absent from Brooks' motion for injunctive relief. She asks for an injunction to restrain the Superior Court from adjudicating the mortgage foreclosure action and to restrain the defendants from prosecuting the case before the Superior Court. The Superior Court has ruled in favor of the defendants and the case is no longer before it having been appealed to the Delaware Supreme Court. This court is unable to fashion any form of meaningful relief against the defendants, and, thus the motion for injunctive relief is moot. *See Bracey v. Pennsylvania Dep't of Corr.*, 456 F. App'x 76, 78 (3d Cir. 2012) (not published) (citing *Artway v. Attorney General of New Jersey*, 81 F.3d 1235, 1246 (3d Cir. 1996). In addition, Brooks' claim for injunctive relief against the Superior Court is barred by the Eleventh Amendment. *See, e.g., Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy*, Inc.,

506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 91 (1982); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 238-41 (3d Cir. 2005) (all components of unified state judicial system are entitled to Eleventh Amendment immunity).

In addition, the Anti-Injunction Act prohibits the federal courts from interfering with proceedings in the state courts. "A court of the United States may not grant injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. *See Becker v. Evans*, 496 F.Supp. 20, 21 (M.D. Pa. 1980) ("State court proceedings to enforce a state court judgment have been found not to come within any of [the three exceptions of the Anti-Injunction Act], and therefore the district court lacks jurisdiction to issue the injunction [to stay the writ of execution on a state court judgment]."); *Clark v. United States Bank Nat'l Ass'n*, 2004 WL 1380166, at *3 (E.D. Pa. June 18, 2004) ("The Anti-Injunction Act simply does not allow federal courts to enjoin state court proceedings, including mortgage foreclosure actions, absent the application of an exception under the statute.") (citations omitted).

Finally, the *Rooker-Feldman* doctrine prohibits this court from maintaining subject matter jurisdiction over plaintiff's request, which effectively seeks to vacate orders of the Superior Court. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (citations omitted). The court finds that the *Rooker-Feldman* doctrine claim bars plaintiff's claim because the relief she seeks would require "(1) the federal court [to] determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2)

the federal court [to] take an action that would negate the state court's judgment . . . ." *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005). Here, throughout the mortgage foreclosure action, the Superior Court ruled against Brooks and, in essence, she asks the court to determine that those rulings were erroneously entered into and to grant relief in the form of an injunction to prevent the Superior Court from making further rulings. This court does not have the power to grant such a request.

## IV. CONCLUSION

For the above reasons, IT IS THEREFORE ORDERED that:

1. The motion for preliminary injunction and temporary restraining order is **denied**. (D.I. 5.)

2. The motion for status conference is **denied** without prejudice. (D.I. 11.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE

_____ August 31 _____, 2012
Wilmington, Delaware